

AO 241
(Rev. 06/13)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: |
|---|---|

| Name (under which you were convicted): Charlie Branner, Jr | Docket or Case No.: 4:26-cv-00180 |
|---|---|

| Place of Confinement : Coastal State Prison | Prisoner No.: 811297 |
|---|---|

| Petitioner (include the name under which you were convicted) Charlie Branner, Jr | Respondent (authorized person having custody of petitioner) v. David Stokes, warden |
|---|---|

| The Attorney General of the State of: |
|---|

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

In the Superior Court of Tift, County, Tifton, Georgia

(b) Criminal docket or case number (if you know): 2018CR002 / 2018CR063

2.  (a) Date of the judgment of conviction (if you know): ~~11/28/2018~~ 11/13/2018

(b) Date of sentencing: 11/28/2018

3.  Length of sentence: 30 serve 14

4.  In this case, were you convicted on more than one count or of more than one crime?    ☑ Yes    ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case: Child molestation (three Counts)

6.  (a) What was your plea? (Check one)

☐ (1)    Not guilty    ☑ (3)    Nolo contendere (no contest)

☐ (2)    Guilty    ☐ (4)    Insanity plea

AO 241
(Rev. 01/15)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes    ☐ No

8. Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): A20A0424

(c) Result: dismiss Branner's pro se motion to withdraw his plea, "nullity."

(d) Date of result (if you know): 5-7-2020

(e) Citation to the case (if you know): Branner V. State, 355 Ga. App. 137 (2020)

(f) Grounds raised: _____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court: Coffee Superior Court

(2) Docket or case number (if you know): 2020-SU-V-57

(3) Result: Hearing before the Honorable J. Kelly Brooks, Judge, Commencing on the 19th day of July, 2021.

(4) Date of result (if you know): 7-19-2021 / 11-22-2023

AO 241
(Rev. 01/15)

Page 4

(5) Citation to the case (if you know): Johnson v. State, 315 Ga. 876 (2023)

(6) Grounds raised: It was brought to the habeas Court attention that I have an out-of-time appeal pending in the Court. Respondent failed to do some inquiry as to the procedural posture of that in Tift County.

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☑ Yes  ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: Supreme Court of Georgia

(2) Docket or case number (if you know): S24H0494

(3) Date of filing (if you know): 12-6-2023

(4) Nature of the proceeding: Certificate of Probable Cause

(5) Grounds raised: The habeas court failed to make a finding to determine if petitioner was afforded his three rights as set out in, Boykin v. Alabama, before accepting any guilty plea. (2) The habeas Court erred in the failure to determine whether petitioner is acquitted by the operation of law due to a defaulted trial where a valid demand for a speedy trial was filed. (3) Ineffective assistance of Counsel.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☑ No

(7) Result: denied

(8) Date of result (if you know): 7-2-2024

AO 241
(Rev. 01/15)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: In the Court of Appeals of Georgia

(2) Docket or case number (if you know): A26D0276

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: denied

(8) Date of result (if you know): 1-14-2026

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Supreme Court of Georgia

(2) Docket or case number (if you know): S26C0806

(3) Date of filing (if you know): 1-27-2026

(4) Nature of the proceeding: Certiorari

(5) Grounds raised: A. Clerk refusal / failure to file. B. Indictment defects and altered dates. C. Speedy-trial demand and "operation of law" jurisdictional loss. D. Recusal / assignment issues and void judgment. ARGUMENT: WHY CERTIORARI SHOULD BE GRANTED A. The Clerk issue is a systemic access-to-courts question. B. indictment challenges raise voidness, not discretionary error. C. Statutory Speedy trial "by operation of law" is jurisdictional in the way petitioner frames it. D. Clerk's Refusal to File motions violated Due Process. E. Reindictment and assignment/recusal questions warrant Supreme Court guidance. F. The Court of Appeals' no-reason affirmance leaves Constitutional claims unreviewed.

AO 241
(Rev. 01/15)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: _denied_

(8) Date of result (if you know): _6-2-2026_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☐ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: _See attached "Petitioner's petition pages 1-10." Being held in violation of the Constitution, laws, or treaties of the united States._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why:

_____

_____

_____

AO 241
(Rev. 01/15)

Page 7

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

_____

AO 241
(Rev. 01/15)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

**GROUND TWO:**    See attached "Petitioner's petition pages 1-10."

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

AO 241
(Rev. 01/15)

Page 9

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?          ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?      ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

GROUND THREE:  See attached "Petitioner's petition pages 1-10."

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

AO 241
(Rev. 01/15)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐    Yes    ☐    No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐    Yes    ☐    No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241
(Rev. 01/15)

Page 12

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 01/15)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☑ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Michael W. Gowen, P.O. Box 1252, Tifton, GA 31794

(b) At arraignment and plea: Jami L. Lewis, P.O. Box 513, Camilla, GA 31730

(c) At trial:

(d) At sentencing:

(e) On appeal: Reginald C. Wisenbaker, P.O. Box 1107, Valdosta, GA 31603

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241
(Rev. 01/15)

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

Page 16

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _____

_____

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on    6-17-26    (month, date, year).

Executed (signed) on    6-17-26    (date).

Charlie Bramu, Jr
_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION



CHARLIE BRANNER, JR.,           ✳           CIVIL ACTION NO.
GDC # 811297                    ✳
    Petitioner,            ✳
                           ✳
V.                              ✳           HABEAS CORPUS
DAVID STOKES, WARDEN,           ✳           28 U.S.C. § 2254
    Respondent.            ✳

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY PURSUANT TO 28 U.S.C. 2254

Petitioner, Charlie Branner, Jr., appearing pro se, respectfully petitions this Court for a Writ of Habeas Corpus to vacate his State Court Conviction and Sentence pursuant to 28 U.S.C. § 2254.

Petitioner challenges the validity of his November 28, 2018, Conviction resulting from an Alford plea in the Superior Court of Tift County, Georgia. As detailed below, the State Court Conviction was obtained in structural violation of the United States Constitution and at a time when the trial court was completely divested of subject-matter jurisdiction.

## I. PROCEDURAL HISTORY AND EXHAUSTION OF STATE REMEDIES

Date of Judgment of Conviction: November 28, 2018.

Conviction Under Attack: Alford plea of guilty to counts stemming from an indictment in Tift County Superior Court.

State Post-Conviction Proceedings: Petitioner filed timely post-conviction motions, including a Motion to Withdraw Guilty Plea and a Motion to Dismiss the Indictment. These were initially ignored or dismissed under the state's historic "pro se nuility rule."

State Habeas Corpus: Petitioner subsequently filed a state Petition for Writ of Habeas Corpus. The state habeas court denied relief. Petitioner timely sought appellate review by filing an Application for a Certificate of Probable Cause (CPC) to appeal with the Supreme Court of Georgia.

Final State Court Disposition: The Supreme Court of Georgia denied Petitioner's Application for a Certificate of Probable Cause.

Exhaustion Status: By presenting these federal constitutional claims to both the state habeas court and the highest appellate court in the state of Georgia, Petitioner has fully exhausted all available state remedies as required by 28 U.S.C. § 2254(b)(1)(A).

II.     GROUNDS FOR FEDERAL HABEAS CORPUS RELIEF

2

Petitioner maintains that the State Court's adjudication of his Claims resulted in a decision that was Contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, and resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings. 28 U.S.C. § 2254(d).

GROUND ONE: The State Conviction is Constitutionally Void Under Boykin V. Alabama Due to the Total Absence of an Informed Waiver Of Sixth Amendment Confrontation Rights.

Supporting Facts: During the State plea colloquy, Petitioner was never verbally or textually advised that he was waiving his fundamental Sixth Amendment right to Confront and Cross-examine his accusers face-to-face. The preprinted, standardized waiver form utilized by the State Court Stated only that Petitioner possessed "the right to have the witnesses against you appear in court." This language is completely deficient. Informing an accused that witnesses will merely "appear" does not inform them of their active constitutional right to subject those witnesses to rigorous, face-to-face cross-examination.

3

Federal Baseline: Under Boykin v. Alabama, 395 U.S. 238 (1969), a waiver of core constitutional trial rights cannot be presumed from a silent or ambiguous record. The State Court's determination that this standardized text constituted a knowing, intelligent, and voluntary waiver is an unreasonable application of Boykin and its federal progeny. Because the record fails to disclose an explicit waiver of the right to confront his accusers, the Alford plea is unconstitutional and the conviction must be set aside.

GROUND TWO: The State Court Violated Due Process by Asserting Authority and Entering a Conviction Over which It Lacked Subject-Matter Jurisdiction Due to an Absolute Statutory Acquittal Bar.

Supporting Facts: Prior to the entry of his plea, Petitioner formally filed a proper statutory demand for a speedy trial under Georgia law. The State failed to bring Petitioner to trial within the mandatory statutory terms, despite the presence of qualified, impaneled juries. By operation of law, an absolute discharge and judgment of acquittal attached to the offenses. The State attempted to bypass this absolute bar by obtaining a reindictment on identical conduct.

Federal Baseline: While statutory speedy trial rules are creatures

4

of State law, the enforcement of a conviction obtained by a court completely divested of subject-matter jurisdiction constitutes a fundamental violation of the Due Process Clause of the Fourteenth Amendment. A trial court that lacks jurisdiction has no power to accept a plea or execute a sentence. The State Court's insistence on maintaining a conviction despite an operational, statutory acquittal represents a structural breakdown of due process.

GROUND THREE: The Alford Plea Was the Involuntary Product of Conflicted Counsel and the Unconstitutional Withholding of Exculpatory Evidence.

Supporting Facts: Petitioner's plea was not a voluntary and rational choice among available alternatives. Trial Counsel failed to preserve critical pre-trial errors via interlocutory appeal, forcing Petitioner to choose between entering a plea or proceeding to trial with a severe breakdown in representation and adversarial communication. Furthermore, Key exculpatory evidence—Specifically, objective Children's Center medical evaluations demonstrating an absolute lack of physical trauma or injuries—was structurally withheld from the defense during core stages of the plea evaluation.

5

Federal Baseline: Under Hill v. Lockhart, 474 U.S. 52 (1985) and Brady v. Maryland, 373 U.S. 83 (1963), a plea is constitutionally invalid if it is induced by the ineffective assistance of counsel or the suppression of material, exculpatory evidence. Had Petitioner been properly advised of his confrontation rights, and had the exculpatory medical data been properly integrated into the defense evaluation, he would not have entered an Alford plea and would have insisted on going to trial.

GROUND FOUR: The State Court Violated Due Process Through a Structural Defect in Failing to Comply with Mandatory Judicial Reassignment Commands Following Recusal.

Supporting Facts: Following a formal motion to recuse the original presiding judge due to an active conflict of interest, the administrative transfer of Petitioner's case to a replacement judge was executed in direct violation of mandatory judicial assignment laws. No formal, lawful assignment order was entered upon the record by the chief judge of the circuit or administrative district.

Federal Baseline: The right to an impartial, lawfully designated tribunal is an essential element of due process under the Fourteenth

6

Amendment. A structural defect in the literal assignment of judicial authority strips the receiving court of the lawful power to adjudicate the case, rendering the subsequent acceptance of a plea a procedural nullity.

### III. OVERCOMING PROCEDURAL BARS AND TIME LIMITATIONS

To the extent the Respondent argues that Petitioner's claims face procedural default or timeliness barriers due to the State Courts' historical refusal to rule on his pro se motions, Petitioner asserts:

Intervening Change in Controlling State Law: The Supreme Court of Georgia in Johnson v. State, 315 Ga. 876 (2023) explicitly abolished the "pro se nullity rule," establishing that timely pro se post-conviction motions are valid legal filings. Because the State Courts previously used an illegitimate, unconstitutional rule to suppress and refuse to look at Petitioner's filings, he has demonstrated clear "cause and prejudice" to overcome any federal procedural default.

Void Judgments and Jurisdictional Defects: Under long-standing federal equity standards, a conviction that is fundamentally void ab initio due to a complete lack of subject-matter jurisdiction or an absolute failure to secure waivers under Boykin cannot be

insulated by procedural bars. A federal court exercising habeas jurisdiction has the inherent authority to review and strike down a State conviction that was invalid at its inception.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully prays that this Court:

ASSUME Jurisdiction over this matter;

GRANT the Writ of Habeas Corpus;

VACATE and SET ASIDE the State Court Judgment of Conviction and Sentence entered against him; and

ORDER his immediate release from State custody, or grant any other relief the Court deems Just and proper.

Respectfully submitted this 17 day of June, 2026.

CHARLIE BRANNER, JR.
Petitioner, Pro Se

8

## VERIFICATION

I, Charlie Branner, Jr., declare under penalty of perjury that I am the Petitioner in this action, that I have read the foregoing Petition, and that the facts stated therein are true and correct to the best of my knowledge and belief.

Executed on this 17th day of ___June___, 2026.

_Charlie Branner, Jr._
Signature of Petitioner

Sworn to and subscribed before me this 17 day of ___June___, 20 26.

_____
Notary Public

9

## CERTIFICATE OF SERVICE.

I hereby certify that a true and correct copy of the foregoing PETITION has been served upon the attorney for the Respondent, the Attorney General for the State of Georgia (State Law Department, 40 Capitol Square, S.W., Atlanta, Georgia 30334), by placing the same in the institutional mail system for delivery via the United States Postal Service.

Dated: 17 day of June, 2026.

CHARLIE BRANNER, JR.
GDC # 811297
Coastal State Prison
P.O. Box 7150
Garden City, Georgia 31418

10

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| CHARLIE BRANNER, JR., GDC # 811297 | �909 | CIVIL ACTION NO. |
| Petitioner, | �909 | |
| v. | �909 | HABEAS CORPUS |
| DAVID STOKES, WARDEN, | �909 | 28 U.S.C. § 2254 |
| Respondent. | �909 | |

## MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254

Petitioner, Charlie Branner, Jr., submits this Memorandum of Law in support of his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner demonstrates that the state court conviction under attack was obtained in direct violation of clearly established federal constitutional law under the Sixth and Fourteenth Amendments, and at a time when the trial court lacked subject-matter jurisdiction.

## ARDUOUS STANDARDS OF REVIEW UNDER AEDPA

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254(d), a federal court may grant habeas relief from a state court judgment only if the state court's adjudication of the claim:

Resulted in a decision that was contrary to, or involved an unreasonable application of, Clearly established Federal law, as determined by the Supreme Court of the United States; or

Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

A state court decision is "contrary to" Clearly established federal law if it applies a rule that contradicts the governing law set forth in Supreme Court cases or if it Confronts a set of facts materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. Williams v. Taylor, 529 U.S. 362, 405 406 (2000). As demonstrated below, the state court's decision in this case represents an unreasonable application of foundational supreme Court precedent.

## CONSTITUTIONAL ARGUMENTS AND CITATION OF AUTHORITY

GROUND ONE: The state Court's Adjudication of Petitioner's Alford Plea violates Clearly Established Federal Law Under Boykin v. Alabama Due to the Omission of Sixth Amendment Confrontation Rights.

The entry of a guilty or Alford plea constitutes a simultaneous waiver of several core Constitutional protections: the privilege against compulsory self-incrimination, the right to a trial by jury, and the

2

right to confront one's accusers. Boykin v. Alabama, 395 U.S. 238, 243 (1969). For a plea to stand consistent with the Due Process Clause of the Fourteenth Amendment, the record must affirmatively demonstrate that the defendant made a voluntary, knowing, and intelligent waiver of these specific rights.

The standardized, preprinted waiver form utilized in the Tift County Superior Court stated exclusively that the defendant possessed "the right to have the witnesses against you appear in court." This text is completely deficient under clearly established federal law. The Sixth Amendment guarantees a criminal defendant the right "to be confronted with the witnesses against him." This right is not a passive guarantee that witnesses will merely be physically present or "appear" in a courtroom. Rather, the core of the Confrontation Clause is the active, functional right to subject state witnesses to face-to-face cross-examination. Crawford v. Washington, 541 U.S. 36, 51 (2004) ("The Clause commands, not that evidence be reliable, but that it be tested in the crucible of cross-examination."); Pointer v. Texas, 380 U.S. 400, 404 (1965).

By equating the right to cross-examine and confront accusers with the mere "appearance" of witnesses, the state court utilized a

3

textually defective protocol. The record is entirely silent as to any verbal or alternative written explanation of the actual right to cross-examination. Under Boykin, Courts cannot presume a waiver of a vital constitutional right from a silent or structurally deficient record. 395 U.S. at 242.

Because the State Court accepted the Alford plea without securing an explicit, informed waiver of the right to confront and cross-examine witnesses, the resulting conviction is unconstitutional and void.

GROUND TWO: The Enforcement of a State Conviction Betered After the Attachment of an Absolute Statutory Judgment of Acquittal under O.C.G.A.§ 17-7-170(b) Violates Due Process.

While matters of State Statutory interpretation generally rest with State tribunals, the enforcement of a Criminal conviction obtained by a Court Completely divested of subject-matter Jurisdiction directly violates the Due Process Clause of the Fourteenth Amendment. Fiore v. White, 531 U.S. 225, 228 229 (2001) (holding that it violates due process to convict an individual of a Crime where a structural Component of the law fails to establish basic Jurisdiction or elements).

Petitioner formally filed a valid Statutory demand for a speedy trial.

4

Under the explicit, self-executing mandate of O.C.G.A. § 17-7-170(b), the State's failure to bring Petitioner to trial within the required terms - where qualified, impaneled juries were present - triggered an automatic condition where "the defendant shall be absolutely discharged and acquitted of the offense charged."

The attachment of an absolute judgment of acquittal by operation of law permanently extinguishes the State's power to prosecute the accused for that underlying conduct. The trial Court was stripped of subject-matter jurisdiction. The State's subsequent attempt to circumvent this absolute bar via a secondary reindictment cannot breathe life into an extinguished prosecution. A trial court lacking subject-matter jurisdiction possesses no Constitutional authority to accept a plea or impose a sentence. The conviction represents an arbitrary deprivation of liberty in violation of the Fourteenth Amendment.

GROUND THREE: The Alford Plea Was Induced by the Ineffective Assistance of Counsel and the Structural Withholding of Exculpatory Evidence.

5

The voluntariness of a plea is evaluated under the two-pronged standard established in Strickland v. Washington, 466 U.S. 668 (1984) and Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). To prevail, a petitioner must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the petitioner would not have pleaded guilty and would have insisted on going to trial.

Trial counsel's failure to file an application for an interlocutory appeal to enforce the absolute statutory acquittal bar under O.C.G.A. § 17-7-170(b) constitutes deficient performance. This failure left Petitioner trapped in a structurally fractured adversarial relationship with counsel who was unprepared for trial.

Furthermore, critical exculpatory evidence — specifically, objective Children's Center medical evaluations demonstrating an absolute absence of physical trauma, lacerations, or injuries — was structurally withheld during the critical stages of the plea negotiations. Under Brady v. Maryland, 373 U.S. 83 (1963), the suppression of material evidence

6

favorable to an accused violates due process. Had Petitioner been properly advised of his confrontation rights, and had counsel effectively integrated the exculpatory medical findings into the evaluation, Petitioner would have refused to enter an Alford plea and would have proceeded to trial.

GROUND FOUR: The Structural Failure to Comply with Mandatory Judicial Reassignment Rules Violates Due Process.

The Due Process Clause guarantees a criminal defendant the right to have his case adjudicated by a judge who has been lawfully and properly assigned to preside over the tribunal. Tumey v. Ohio, 273 U.S. 510 (1927). Following a formal motion to recuse the original judge due to an active conflict of interest, the subsequent judicial proceedings were transferred without complying with the mandatory statutory assignment requirements of O.C.G.A. § 15-1-9.1(f). The failure to secure a lawful assignment order from the chief judge or administrative district constitutes a structural defect that invalidates the receiving judge's authority to act, rendering the subsequent plea acceptance a nullity.

7

## CONCLUSION

For the reasons set forth above, Petitioner respectfully requests that this Court grant the Writ of Habeas Corpus and vacate his State Court Conviction and Sentence.

Respectfully Submitted this 17 day of June , 2026.

CHARLIE BRANNER, JR. Petitioner, Pro Se

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254 has been served upon the attorney for the Respondent, the Attorney General for the State of Georgia (State Law Department, 40 Capitol Square, S.W., Atlanta, Georgia 30334), by placing the same in the institutional mail system for delivery via the United States Postal Service.

Dated: ___17___ day of ___June___, 2026.

CHARLIE BRANNER, JR.
GDC # 811297
Coastal State Prison
P.O. Box 7150
Garden City, Georgia 31418

9

AO 241
(Rev. 06/13)

Page 1

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.   To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence.  This form is your petition for relief.

2.   You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.   Make sure the form is typed or neatly written.

4.   You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5.   Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.   You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.  If your account exceeds $ _____ , you must pay the filing fee.

7.   In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.   When you have completed the form, send the original and ____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

9.   **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10.  **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

Charlie Branner, Jr.
GDC # 811297
Coastal State Prison
P.O. Box 7150
Garden City, Georgia 31418



JAX FL 32099 AFSM1
WED JUL 01 2026

INSPECTED BY

JUL 0 7 2026

U.S. Marshals Service/SGA

U.S. Courts, Southern District of Georgia
Office of the Clerk
124 Barnard Street
Savannah, GA 31401



COASTAL STATE PRISON
P.O. BOX 7150, GARDEN CITY, GA 31408
The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address."