**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

CHARLIE BRANNER, JR,

Petitioner,

v. Case No. 7:26-cv-199-LAG-AGH

DAVID STOKES,

Respondent.

# ORDER

Pending before the Court is *pro se* Petitioner Charlie Branner, Jr.'s application for a writ of habeas corpus (ECF No. 1). Also pending are Petitioner's motion to proceed *in forma pauperis* (IFP) (ECF No. 2), motion to appoint counsel (ECF No. 4), and motion for evidentiary hearing (ECF No. 4). For the reasons stated below, Plaintiff is ordered to file a certified account statement as previously ordered or risk his petition being dismissed. Petitioner's motion to appoint counsel is denied, and his motion for an evidentiary hearing is denied as premature.

## MOTION TO PROCEED IFP

The Court received Petitioner's motion to proceed IFP (ECF No. 2) on the same day it received his petition (ECF No. 1). However, because Petitioner did not attach an account certification as required by Rule 3(a)(2) of Rules Governing Section 2254 Cases in the United States District Courts, the Court ordered Petitioner to either pay the $5.00 filing fee or submit the required certificate showing the amount of money or securities Petitioner has in any account in the prison. Order 1, ECF No. 8. When Petitioner failed to timely respond, the Court ordered Petitioner to show cause why

his petition should not be dismissed for failure to comply with the Court's Order. Show Cause Order 2, ECF No. 12. Petitioner was also again instructed to either pay the filing fee or file a certified copy of his trust fund account statement. *Id.* Petitioner was given fourteen days to respond and warned that failure to fully and timely comply could result in the dismissal of his petition.

On October 26, 2026, the Court received Petitioner's response to the show cause order (ECF No. 13). In his response, Petitioner contends that he previously submitted the inmate trust fund account statement and asks the Court to examine the record to determine whether the account statement was received (ECF No. 13 at 1-4). The Court has done so, and the account certification is not in the record. Petitioner is therefore instructed to <u>speak with officials at his current institution</u> and obtain and submit a certified trust fund account statement as required by Rule 3(a)(2). If prison officials refuse to provide Petitioner with such statement, Petitioner should respond to this order with the name of the officials he spoke with and describe his efforts to obtain compliance. Petitioner shall have **FOURTEEN (14) DAYS** to comply with this Order. Failure to fully and timely comply will likely result in the dismissal of Petitioner's application.

**MOTION TO APPOINT COUNSEL AND FOR EVIDENTIARY HEARING**

Petitioner also moves for appointment of counsel, citing the complexity of the case, difficulty in litigating the case as an indigent prisoner, and the need for an evidentiary hearing (ECF No. 3 at 2-4). He also moves for an evidentiary hearing, stating one is needed to address alleged defects in the state court plea proceedings,

introduce documents relevant to ground three of his petition, and present testimony concerning his efforts to file certain *pro se* motions in state court (ECF No. 4 at 2-3).

There is generally no right to legal representation in a federal habeas corpus case. *See, e.g., Wright v. West*, 505 U.S. 277, 293 (1992). Appointment of counsel in a § 2254 proceeding is instead proper "[i]f an evidentiary hearing is warranted," if counsel is "necessary for effective discovery," or "if the interests of justice so require." Rules 6(a) & 8(c) of the Rules Governing § 2254 Cases; 18 U.S.C. § 3006A(a)(2)(B).

Here, the Court disagrees that the case is complex, and despite his confinement, Petitioner has demonstrated his ability to set forth his contentions to allow review by the Court. Furthermore, the Court is not yet able to determine whether an evidentiary hearing is necessary. Petitioner has not yet complied with the Court's order to pay the filing fee or submit a certified account statement, and his continuing failure to do so will likely result in the dismissal. Moreover, the Court has not yet ordered that Respondent file a response to the petition, and until one is filed, the Court does not know whether an evidentiary hearing is warranted. Hence, Petitioner's motion for an evidentiary hearing is premature. Therefore, Petitioner's motion for appointment of counsel (ECF No. 3) and motion for an evidentiary hearing (ECF No. 4) are **DENIED**. If it later becomes apparent an evidentiary hearing is necessary, counsel will be appointed if Petitioner qualifies under 18 U.S.C. § 3006A.

**SO ORDERED**, this 30th day of October, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE